**In re Daniel H. COLEMAN.**

**No. 57922.**

Supreme Court of Missouri,
En Banc.

April 9, 1973.

Donald Barnes, Sedalia, for informants.

Daniel H. Coleman, pro se.

SEILER, Judge.

This is a disbarment proceeding. The charge is that respondent engaged in unprofessional conduct in Oregon and thereafter commenced practice in Missouri without informing the court or the bar that he had resigned from the Oregon bar while under charges of professional misconduct. Our special commissioner, former circuit judge Ray Weightman, heard the evidence and recommended disciplinary action.

Respondent is 36 years of age. He is a native of Missouri and graduated from the University of Missouri law school at Columbia. He was admitted to the Missouri bar in 1961. Shortly thereafter he moved to Oregon, passed the bar examination, and began his practice in Portland.

In 1970 he was employed to organize First Cascade Securities, Inc., which was to be a securities and brokerage firm. $100,000 was to be raised and respondent was holding in escrow approximately $62,500 for the subscribers. Believing he had a prospective investor, respondent loaned $41,500 of the fund to a man he had never met before, but who was recommended by a business man in whom respondent had confidence. The borrower was to use the money as a bid deposit on California timber and logging rights, following which the money would be returned

and the borrower would in addition invest $25,000 to $50,000 in First Cascade, thereby insuring the raising of the required $100,000. Instead of performing, the borrower disappeared with the money.

On June 5, 1970, formal disciplinary proceedings were begun in Oregon, alleging respondent breached his fiduciary duty by making the loan without authority to do so. Respondent did not contest the action and resigned as a member of the Oregon bar with the understanding that if he were to apply for reinstatement, the application would be considered as being from a member who had been suspended or disbarred for professional misconduct.

On July 21, 1970, the Supreme Court of Oregon accepted the resignation and ordered his name stricken from the roster of Oregon attorneys.

Suit was filed against respondent to recover the funds and a consent judgment was entered, on which there is an unpaid balance of approximately $10,000.

About a year later, in 1971, respondent returned to Missouri, paid his bar dues, and began to practice law in Springfield. He informed the executive director of the Missouri Bar he had resigned while under charges in Oregon. He was told to call the general chairman of the advisory committee [1] of the Missouri Bar. Respondent made one effort, by telephone, to communicate with the general chairman, but did not succeed and made no further attempt.

In 1972, the advisory committee cited respondent to appear before it for an investigation of charges, which was followed by the filing of an information in this court, and thereafter the hearing before Special Commissioner Weightman.

It goes without saying that it was unethical conduct for respondent to loan his clients' money without authority to

---

1. The advisory committee is charged with administration of Rule 4, Code of Professional Responsibility.

do so. Even though this occurred in Oregon it was a violation of his oath of office as an attorney and member of The Missouri Bar. It was also a violation of respondent's professional duties when he commenced practice in Missouri without first bringing home to the appropriate Missouri bar authorities the fact that he had been disciplined in Oregon. He should have realized this would be a matter of legitimate concern to the court and The Missouri Bar and that in opening an office in Missouri without first ascertaining from the disciplinary arm of the bar whether it was proper for him to do so, he was creating a false impression with the public, the courts and the bar.

We are aware there are some palliating circumstances present. First and foremost, there is no claim or indication that respondent profited personally or that any of the money misappropiated found its way to respondent's pocket. His conduct, while reprehensible, was not corrupt. Next, respondent has made restitution of the major portion of the loss, although not complete restitution. While not fully developed in the record, it appears that the two or three individuals who had the bulk of the investment in First Cascade even now are not unfriendly toward respondent. Finally, in 1970 and the year before, respondent underwent some severe strains—the loss of a young daughter after a painful and lingering illness, a divorce and breakup of his family and remaining children, and the collapse of two promising business ventures. All this no doubt entered into what respondent described as his not "thinking straight" at the time of his mishandling of his clients' funds. We note, too, there is no indication that respondent is afflicted with a health or drinking problem.

In the final analysis, however, we must do what is necessary to protect the courts, the public, and the integrity of the bar, In re Conner, 357 Mo. 270, 207 S.W.2d 492, 497. We must act to deter such conduct and secure the good behavior of respondent and lawyers generally in this regard.

This requires disciplinary action and accordingly it is ordered that Daniel H. Coleman be suspended and prohibited from the practice of law in Missouri until the further order of this court, and that he be permitted to apply to this court for reinstatement after the expiration of one year from the date of this opinion, upon showing that he is then a person fit to practice law as a member of the bar of this state.

DONNELLY, MORGAN and BARDGETT, JJ., concur.

HENLEY, J., dissents in separate dissenting opinion filed.

FINCH, C. J., and HOLMAN, J., dissent and concur in separate dissenting opinion of HENLEY, J.

HENLEY, Judge (dissenting).

I agree that respondent should be disciplined, but cannot agree that his discipline should be mere suspension. I would disbar. For this reason, I respectfully dissent.