In the matter of D. B. Mahoe, an Attorney at Law.

## SUPREME COURT—IN BANCO.

### JANUARY TERM—1871.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

IN THE MATTER OF D. B. MAHOE, AN ATTORNEY AT LAW.

AN ATTORNEY AT LAW should be DISBARRED for neglect in performing his PROFESSIONAL ENGAGEMENTS, and for deceit and conversion to his own use of funds entrusted to him.

Information and complaint by the Attorney General for mal-practice, praying that the said D. B. Mahoe may be required to show cause why his name should not be stricken from the roll of attorneys and counsellors of this Court, and such other proceedings be had as to this honorable Court may seem meet, for the following reasons :

1. That the said D. B. Mahoe in February, 1870, was employed by one Kalimaloloa to bring a suit in this Court for the recovery of a certain piece of land from one Hanakapea and her husband Kuheleloa. That the said D. B. Mahoe demanded and received from the said Kalimaloloa the sum of sixty-six dollars, five of which were afterwards returned, viz. : Fifty dollars for costs of Court, and the remainder for his professional services. That up to this time the said D. B. Mahoe has not moved in the matter and has not made any deposit in the office of the Clerk of this Court for costs in this matter.

2. That the said D. B. Mahoe on or about the first of August last, was employed by one Mikalemi to bring a suit in this Court for the recovery of possession of a certain piece of land from one Luau. That the said D. B. Mahoe received from the said Mikalemi the sum of seventy dollars and that he told the said Mikalemi that fifty dollars of this sum were for the costs of Court. That the said D. B. Mahoe has not made any deposit for costs in the office of the Clerk of this Court, and that he has not moved in this matter; that on the contrary he went to the island of Kauai, where he has remained to the date of making this complaint. That in consequence of this the said Mikalemi was obliged to employ and pay other counsel, at the October term of this Court and that he had furthermore to pay the sum of twenty-five dollars for costs of court.

The respondent's answer admits the receipt of the money as charged, but avers that he took some steps in both the matters set forth in the complaint; that then his duty called him to attend the Circuit Court on the Island of Kauai, and that whilst on Kauai for that purpose, a death occurred in his family, there residing, which compelled him to stay with them.

The evidence of the witness, Mikalemi, is, that the respondent was employed by witness as Attorney in an ejectment case versus one Luau; that he demanded and received from witness $70, $50 for costs of Court, $20 for his fee. That witness demanded the $50 back, but that the said Mahoe did not return the money. That witness was obliged to employ G. B. Kalaaukane and R. H. Stanley, afterwards, to conduct his case, as the respondent had left this Island without moving at all in this matter. That witness had to pay $25 costs of Court, besides the $50 paid the respondent for costs, who, in a letter to witness, positively declined to return from Kauai to attend to the suit.

The records of the Court for the October term showed that

the case of Mikalemi *vs.* Luau was dismissed, and that respondent was not of counsel.

G. B. Kalaaukane testified that the respondent before leaving for Kauai, requested him to attend to Mikalemi's case, but did not pay him any fee.

The evidence of Kalimaloloa, confirmed by Alalia, was, that she had paid Mahoe $61,—$50 costs of Court, and the remainder for his services to bring a suit for the recovery of a piece of land from one Hana Kapea ; that the suit was never brought, and that Mahoe did not return the money to her.

No evidence was presented for the respondent, and the case was submitted without argument.

D. B. Mahoe, the respondent, *pro se.*

F. H. Harris, Deputy Attorney General, for the rule.

WIDEMANN, J.: We find from the evidence, as well as from respondent's admission, that he undertook the case of Mikalemi; that he did not perform his professional duties, and that he received $50 for costs of Court, which he converted to his own use. We find, further, that in the second case of Kalimaloloa, respondent also neglected to perform his professional engagements, and that he converted the money received from his client, under false pretenses, to his own use. Both cases satisfy us that the respondent is guilty of neglect of his professional duties, mal-practice, and deceit. Every such case deserves the highest censure, and renders it impossible to allow the person guilty of such offenses to retain the honorable position of a practitioner at law. The least that the Court can do in such a case is to relieve the community from the liability of being imposed on by a practitioner of this character, and to sustain the good name of the Bar by removing from it any member who is willing to bring such disgrace upon its reputation.

It is therefore ordered, adjudged and considered, that respondent be dismissed from the roll of practitioners at law.