# IN THE MATTER OF W. C. ACHI, AN ATTORNEY AT LAW..

SUBMITTED APRIL 29, 1895.            DECIDED MAY 2, 1895.

JUDD, C.J., BICKERTON AND FREAR, JJ.

An attorney of this Court took a negotiable promissory note of a client to himself, in order to procure a loan for his client. Not being able to negotiate the note, the attorney, on the same day, took another note of like tenor and amount, which the client secured by mortgage, on the understanding that the first note should be destroyed. The attorney negotiated the first note for value, and thereafter negotiated the second note and assigned the mortgage, retaining the proceeds. Held, this was deceit and gross misconduct on the part of the attorney, and he should be dismissed from the roll of practitioners.

Held, financial embarrassment is no excuse for dishonesty.

Held, the settlement of the second note negotiated, after the rule to show cause issued, does not mitigate his offense.

The Court declines to suspend the judgment of the Court until the cases the attorney has in Court are disposed of.

OPINION OF THE COURT BY JUDD, C.J.

A rule to show cause was issued by this Court on the 27th March last on the information of the Attorney-General, against the respondent, William C. Achi, an attorney of this Court. The substantial facts of this matter are as follows:

On the 19th March, 1891, one D. Kealohapauole, with whom the respondent had been doing business, wishing to raise some money, made to respondent a negotiable promissory note for $300 payable in two years with 12 per cent. interest. Respondent not being able immediately to negotiate this note, on the same day Kealohapauole, at respondent's request, made another

note of like tenor to respondent and executed a mortgage on his lands to secure the same. The understanding was that the first note should be destroyed. Thereafter on the 24th April, 1891, respondent endorsed this first note to Messrs. Allen & Robinson for value and deposited the title deeds of the property mortgaged with them. This note had on the margin "Secured by mortgage of even date herewith." Then respondent, on the 6th May, assigned the second note and the mortgage securing it to Henry Smith, trustee, and received and retained the proceeds. Kealohapauole paid to respondent the interest on the note held by Allen & Robinson, and on maturity paid the principal to them, supposing that was the only note of his outstanding. Henry Smith in April, 1893, the interest and principal on the note held by him as trustee not being paid, published a notice of his intention to foreclose. This being brought to the attention of Kealohapauole he paid the interest due and thus avoided or postponed the sale of his property.

After the rule to show cause had issued, the respondent paid the principal and interest of the note and mortgage held by Mr. Smith. The respondent admitted before us that the facts alleged in the information were true.

It is represented to us that respondent had bought real estate and stocks to a large extent, which he was unable to fully pay for, and which he hoped would bring him a fortune, but subsequent depression of values brought him into embarrassments, and it was under this stress that he committed the frauds confessed. It is very often true that embezzlement and financial frauds are committed by persons under pressure of obligations that must be met. This does not excuse or palliate the offense. Negotiating this note, which should have been cancelled or delivered up as soon as the second one which took its place had been signed was a gross and deliberate fraud. The payment of the second note negotiated, after the fraud was brought to the notice of the Attorney-General and the rule issued, though it makes good the persons deceived, does not excuse the offender.

The public must be protected against the perpetration of such frauds by persons holding the honorable position of licensed practitioners of this Court.

We are asked to suspend the execution of our sentence until the respondent's cases now pending are disposed of.   But it is very uncertain how long a period of time this may take, and we feel obliged to decline the request.   While desirous of protecting clients' interests as far as possible, it is their misfortune to have employed an attorney capable of such misconduct, and our duty to the general public as well as to respondent's associates of the bar will admit of no compromise.

Under the authority given us by Section 1066 of the Civil Code (Compiled Laws, page 312) by which practitioners in this Court are summarily amenable to it, and may be fined, imprisoned or dismissed from the roll of practitioners, for satisfactory cause upon the complaint of any party aggrieved by their malpractice, or for non-payment of moneys collected by them for private parties, or for any deceit or other gross misconduct, we adjudge the respondent, William C. Achi, to be guilty of deceit and gross misconduct and order him dismissed from the roll of practitioners, and to pay the costs of these proceedings.

*Attorney-General Smith* and his Deputy, *Robertson*, for the prosecution.

*W. A. Kinney*, for respondent.