495 P.2d 131

**In the Matter of a Member of the State Bar of Arizona, James L. CAMPBELL, Respondent.**

**No. 10536.**

Supreme Court of Arizona,
In Banc.

March 27, 1972.

Rehearing Denied April 26, 1972.

John J. Bouma, Phoenix, for State Bar of Arizona.

Ronald McKelvey and Ralph F. Brandt, Yuma, for respondent.

PER CURIAM.

This matter has come before the Court pursuant to Rule 36(d), Rules of the Supreme Court of the State of Arizona, 17 A.R.S. An Order to Show Cause was issued in former State Bar District No. 5 in a disciplinary proceeding involving James L. Campbell, a member of the State Bar of Arizona. The Administrative Committee, after hearing, recommended that James L. Campbell be suspended for one year. Thereafter, respondent requested and was granted a hearing before the Board of Governors of the State Bar of Arizona. Following that hearing, the Board of Governors recommended to the Supreme Court that the respondent, James L. Campbell, be disbarred.

The following are the pertinent facts relating to this case:

On or about March 4, 1968, the respondent Campbell was appointed Special Administrator in the Matter of the Estate of Joseph Brockley, deceased, Probate File No. 6215, in the Superior Court of the State of Arizona in and for the County of Yuma. On March 6, 1968, respondent withdrew $4,555.32 from the savings account of the deceased, Joseph Brockley, and deposited that money in a checking account in his name and that of his wife. At the time of the deposit, the checking account was overdrawn by a sum in excess of $300.00.

On July 20, 1970, more than two years later, a general administrator was appointed for the Estate of Joseph Brockley. Immediately after qualification, he made demand on the respondent Campbell for the sum withdrawn from the bank account of Joseph Brockley and for the proceeds of the sale of a Sparton house trailer which had been the property of the estate.

On November 24, 1970, an Order to Show Cause was issued with regard to the failure of respondent to deliver the funds which had been repeatedly demanded by the new general administrator. On December 17, 1970, two days before the Order to Show Cause was heard, all of the

funds taken by the respondent Campbell were repaid with interest. Additional funds were paid to the general administrator as reimbursement for expenses which had been incurred as a result of this problem.

It must be noted that the Board of Governors accepted as a fact, upon the avowal of respondent's attorney, that members of the bench and bar of Yuma County would testify favorably on behalf of the respondent Campbell, regarding both his competency and his character. The Board of Governors also accepted as a fact that the complainants Brockley would testify that they are now satisfied as to the respondent's handling of the estate and, further, that they desired proceedings against the respondent to be dismissed.

■ Basically, the first question posed is the effect of complainants' desire that the respondent not be disbarred. Although this specific question has not previously been before us, the obvious answer, as supported by authorities, is that the desires of complainants can have no effect with regard to disciplinary proceedings. The Court owes a duty to the public to protect the public against future defalcations or improper conduct, and the forgiveness of the victim can have no effect. In re Phelps, 204 Kan. 16, 459.P.2d 172 (1969); People ex rel. Colorado Bar Ass'n v. Hillyer, 88 Colo. 428, 297 P. 1004 (1931); Iowa State Bar Association v. Kraschel, 260 Iowa 187, 148 N.W.2d 621 (1967); In re Thompson, 30 Ill.2d 560, 198 N.E.2d 337 (1964).

■ The second question raised is somewhat similar to the first; the query being: What is the effect of respondent's restitution with interest and expenses? Certainly, complete restitution may or may not be a mitigating factor, depending on the circumstances surrounding the restitution. We must consider the fact that respondent made restitution a full two years and nine months after the misappropriation and only after considerable pressure had been brought upon him. Under such circumstances, we hold that restitution is not a defense to these proceedings. In re Burns, 55 Idaho 190, 40 P.2d 105 (1935); Simmons v. State Bar of California, 70 Cal.2d 361, 74 Cal.Rptr. 915, 450 P.2d 291 (1969).

The respondent attempted to explain the circumstances surrounding his admitted misconduct. We can be sympathetic to his problems, but we are very concerned that if similar economic pressures were placed upon him again, the same misconduct might result.

■ A final question is presented to us. Do the facts of this matter present sufficient evidence for disbarment? Our answer to that query must be Yes. The violations here were not the result of negligent or haphazard practice, but were of a willful or wanton nature; namely, the misappropriation of funds that had been entrusted to him.

It is ordered that the respondent, James L. Campbell, be and he is hereby disbarred.

Note: CAMERON, V. C. J., did not participate in the determination of this matter.

## SUPPLEMENTAL OPINION

## MOTION FOR REHEARING DENIED

■ It has been pointed out to us that in State Bar disciplinary matters, the effective date of disbarment or suspension is not clearly set out in our rules. Since we allow motions for rehearing after our decision is rendered, it seems more appropriate to have the suspension or disbarment effective on the denial of the motion for rehearing or on the day after the time has run for such motion unless specifically provided otherwise in the decision.

Pursuant to Rule 37(h), Rules of the Supreme Court, 17 A.R.S., the respondent shall, within 10 days, notify all clients of his inability to continue to represent them.

Motion for rehearing is denied.

Note: CAMERON, V. C. J., did not participate in the determination of this matter.