OFFICE OF DISCIPLINARY COUNSEL, Petitioner, *v.*
FRANCIS T. DeMELLO, Respondent

NO. 7403

OCTOBER 29, 1979

RICHARDSON, C.J., OGATA, MENOR, JJ.,
RETIRED JUSTICE MARUMOTO AND CIRCUIT
JUDGE CHANG, ASSIGNED BY REASON OF VACANCIES

*Per Curiam.* The Disciplinary Board of the Hawaii Supreme Court has submitted to this court its report and recommendation that Respondent DeMello be disbarred. The record shows that Respondent failed to appear after being duly notified of two separate hearings in his case, and that Respondent has failed to file any formal response at any stage of these proceedings despite adequate service upon him of the applicable pleadings and documents. Respondent first failed to file an answer to the original petition for discipline. Supreme Court Rule 16.7(b) states that where there is such a failure to answer

> the charges shall be deemed admitted; provided, however, that a respondent who fails to answer within the time provided may obtain permission of the chairman to

file an answer if such failure to file an answer was attributable to mistake, inadvertence, surprise or excusable neglect.

In this case Respondent has never requested permission to file a delayed answer. The most Respondent has done is to write a short informal letter to the Office of Disciplinary Counsel wherein Respondent broadly denies some of the charges against him. But Respondent states in his letter: "If you are concerned about my license to practice law, you can lift it at any time because it is not now my intent to ever practice law again." The letter further indicates that Respondent now lives in California where he works at a non-legal job. At the supreme court level Respondent has failed to file any exceptions to the Disciplinary Board's report and recommendation, and has likewise failed to file an opening brief in this court. Supreme Court Rule 16.7(c).

Based upon the essentially uncontested findings of fact and conclusions of law reached by the hearing committee of the Disciplinary Board, this court finds that over the course of several years Respondent failed to prepare and file certain income tax returns entrusted to him, thereby neglecting legal matters entrusted to him in violation of Disciplinary Rule 6-101(A)(3) of the Hawaii Code of Professional Responsibility, and thereby also failing to carry out a contract of employment entered into with a client for professional services, in violation of Disciplinary Rule 7-101(A)(2). *Cf. In re Trask*, 53 Haw. 165, 488 P.2d 1167 (1971).

More importantly, this court finds that Respondent converted to his own use and benefit some $2,705.57 of mutual fund proceeds belonging to his client, without the knowledge or consent of the client, and that Respondent failed to deliver the proceeds to the client when requested to do so. At the very least Respondent violated Disciplinary Rules 9-102(B)(3) and 9-102(B)(4) which require respectively that an attorney maintain complete records and render appropriate accounts to a client regarding property belonging to the client, and that an attorney promptly pay or deliver such property to the client upon the client's request. *Disciplinary Board v. Kim*, 59 Haw. 449, 452-53, 583 P.2d 333, 335-36 (1978).

Based upon the above disciplinary violations, it is hereby ordered that Respondent be disbarred from the practice of law. *Id.* Because Respondent is now living outside the State of Hawaii, and because he has demonstrated an unwillingness or inability to shoulder his legal responsibilities at this time, the 30-day period for winding up pending matters under Supreme Court Rule 16.16(c) would be fruitless. Therefore the order of disbarment shall take effect immediately.

It is further ordered that, due to the expense of appointing an attorney to inventory Respondent's files and to take appropriate action to protect Respondent's clients pursuant to Supreme Court Rule 16.20(a), Respondent shall not be eligible for reinstatement as an attorney until after Respondent has reimbursed the Disciplinary Board for the costs of recompensing the attorneys appointed to inventory Respondent's files.

*Daniel G. Heely,* Chief Disciplinary Counsel, Office of Disciplinary Counsel, for the motion.