OFFICE OF DISCIPLINARY COUNSEL, Petitioner, *v.*
ANDREW T. JOHNSON, JR., Respondent

NO. 7691

MAY 30, 1980

RICHARDSON, C.J., OGATA, MENOR,
LUM AND NAKAMURA, JJ.

*Per Curiam*. The Disciplinary Board of the State of Hawaii
has submitted to this court a Report and Recommendation for
the Disbarment of Respondent Andrew T. Johnson, Jr.

The record shows that Petitioner, the Office of Discipli-
nary Counsel, has made numerous attempts to serve Respon-
dent Johnson with the charges against him by sending a copy
by certified mail to his last known address and by publishing
notice in the *Honolulu Star Bulletin* and *Maui News* for four
successive weeks. In July 1979, Johnson wrote to Disciplinary
Counsel requesting that a copy of the petition for discipline be
sent to him at a California address. He also stated that he
would answer any allegations against him and that his
"cooperation would be complete." However, all mail sent to
him at the indicated address was marked "unclaimed" and
returned to the Office of Disciplinary Counsel by the United
States Postal Service. Subsequently, Respondent failed to
answer the charges in this matter and failed to appear before a

Hearing Committee and the Disciplinary Board. Supreme Court Rule 16.7(b) states that where there is a failure to file an answer to the original petition for discipline the charges in the petition "shall be deemed admitted." *Accord, Office of Disciplinary Counsel v. Klein,* 61 Haw. 334, 603 P.2d 562 (1979); *Office of Disciplinary Counsel v. De Mello,* 61 Haw. 223, 601 P.2d 1087 (1979). We note that although Respondent apparently did not receive a copy of either the petition for discipline or the supplemental petition for discipline, service in this case clearly complied with Supreme Court Rule 16.11 and HRCP Rule 5. Moreover, Supreme Court Rule 16.18(e) requires that attorneys licensed in Hawaii maintain with the Disciplinary Board[1] a registration statement containing current business and residence addresses. Finally, Respondent's letter to Disciplinary Counsel indicates that he was well aware that disciplinary charges were pending against him. Thus, we conclude that even if Respondent did not receive a copy of the actual charges against him, notice in this case was sufficient.

The Hearing Committee considered eight separate complaints against Respondent, although one was subsequently withdrawn. One complaint dealt with Respondent's failure to cooperate in disciplinary proceedings. The six other complaints fell into two general areas of misconduct; misappropriation of client funds, and neglect and abandonment of clients' legal matters. The Hearing Committee's findings of fact and conclusions of law were adopted by the Disciplinary Board in its Report and Recommendation for Disbarment.

At the Supreme Court level, Respondent Johnson has failed to file any exceptions to the Disciplinary Board's Report and Recommendation and has likewise failed to file an opening brief. Supreme Court Rule 16.7(c). Respondent also has not responded to this motion for disbarment. Supreme Court Rule 6(a), (d).

---

[1] On November 20, 1979, this rule was amended to require that the registration statement be filed with the Disciplinary Board of the State of Hawaii; prior to that date, the registration statement was filed with the clerk of the Supreme Court.

Based upon the uncontested findings of fact and conclusions of law of the Hearing Committee, the court finds that Respondent misappropriated client funds in two separate incidents. Respondent deposited a client's settlement check to his law office account and used the money for his own benefit. Although Respondent sent the client a check for his share of the settlement proceeds, when the client attempted to cash the check it was returned by the bank for lack of sufficient funds. Subsequently, the client was able to cash Respondent's check and obtained his portion of the settlement proceeds. In another case, Respondent received a check for $592.72 made out to his client, a community association. He deposited the check to his own account without the client's permission and has failed to respond to requests for return of the money. He also collected $500 in cash for the same client and has failed to turn the money over to that client.

This court has consistently held to the rule that misuse of client funds will result in disbarment. *Office of Disciplinary Counsel v. De Mello, supra; Disciplinary Board v. Kim,* 59 Haw. 449, 583 P. 2d 333 (1978); *In re Achi,* 10 Haw. 7 (1895); *In re Mahoe,* 3 Haw. 255 (1871). The facts of this case show at the very least that Respondent violated Hawaii Code of Professional Responsibility Disciplinary Rule 9-102 regarding the preservation of client funds. The fact that one client eventually received his money does not lessen Respondent's culpability. As we stated in *Disciplinary Board v. Kim, supra:*

> The funds of a client or others held by an attorney must be kept inviolate and only the strictest rules of conduct will be applicable. . . . The attorney-client relationship involves the highest degree of trust and confidence. The duty of an attorney to the client must be discharged honorably and faithfully, governed by the most exacting principles of morality and justice. . . . Thus, in numerous cases, both in this jurisdiction and in others, the misappropriation of the funds of a client by an attorney has resulted in the immediate disbarment of the culpable attorney. [citations omitted].

59 Haw. at 453, 583 P.2d at 336.

Turning now to the other charges against Respondent, we find that in four unrelated cases, Respondent neglected and abandoned the legal matters of his clients. Respondent was paid $350 to represent two clients in a breach of contract action. He filed suit on their behalf and a default judgment against the breaching party ordering specific performance or, in the alternative, damages was entered. The two clients asked Respondent to institute garnishment proceedings against the breaching party. Over the course of a year, Respondent failed to institute such proceedings and eventually left the jurisdiction without informing his clients, taking with him the clients' files. In a separate case, a client asked Respondent to review legal aspects of two corporations with which he was associated. Respondent did nothing on these matters in spite of the client's repeated requests for action. Respondent also prepared a codicil to the client's will, retaining the original of the executed will and the codicil. Respondent left the jurisdiction with these documents and without informing his client. In a third case, Respondent was hired to probate the estate of a decedent who had land in both Hawaii and California. Respondent did initiate probate proceedings and an Order of Probate and Letters Testamentary were issued. The last document filed by Respondent in this matter was an affidavit of publication of Notice to Creditors. For over a year and a half, Respondent failed to take further action. He eventually left the jurisdiction without notifying his client. In the fourth case, Respondent was paid $550 to institute divorce proceedings on behalf of a couple and prepare an assignment of an agreement of sale on their real property. Certain documents pertaining to the property were turned over to Respondent. Respondent did prepare a property assignment, but kept the original in his file. He failed to institute divorce proceedings and subsequently left the jurisdiction taking the client's files and property documents.

We conclude that, at the very least, Respondent's neglect and subsequent abandonment of his clients' cases violated both Disciplinary Rule 6-101(A)(3), regarding neglect of a legal matter, and Disciplinary Rule 7-101(A)(2), on failure to

carry out a contract of employment. *Cf.*, *Office of Disciplinary Counsel v. De Mello, supra; In re Trask*, 53 Haw. 165, 448 P.2d 1167 (1971). Additionally, we note and cannot condone Respondent's failure to provide information or to cooperate during the course of these proceedings.

Based on the totality of the misconduct summarized above, it is hereby ordered that Respondent Andrew T. Johnson, Jr., be disbarred from the practice of law. Pursuant to Supreme Court Rule 16.16(c), this order shall be effective thirty (30) days from this date.

*Daniel G. Heely*, Chief Disciplinary Counsel, *Gerald H. Kibe*, Assistant Disciplinary Counsel, Office of Disciplinary Counsel, Supreme Court of the State of Hawaii.