751 P.2d 978

**The STATE of Arizona, Appellee,**

v.

**Herbert A. LALONDE, Appellant.**

**No. 2 CA–CR 87–0487.**

Court of Appeals of Arizona,
Division 2, Department B.

Nov. 27, 1987.

Reconsideration Denied Jan. 19, 1988.

Review Denied April 12, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Janet Keating, Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender and Stephen M.R. Rempe, Interim Maricopa County Public Defender

by Edward F. McGee, Phoenix, for appellant.

## OPINION

LIVERMORE, Presiding Judge.

The evidence at trial showed that defendant's grandmother died at defendant's home in late May 1985. He wrapped her body in plastic, placed it in a deep freeze, moved it to Las Vegas, moved it to Grand Junction, Colorado and ultimately took it to a canyon near Provo, Utah where he buried it in July 1985. Between the time of death and the time of the discovery of the body, defendant lied repeatedly concerning the whereabouts of his grandmother. There was evidence of manual strangulation of the victim but, because of the decomposition of the body, the medical examiner could not say with certainty that the fracture of the hyoid bone and thyroid cartilage occurred before death. The defendant's version of the death, put in the record through psychological witnesses, was that his grandmother died naturally and that he behaved irrationally with respect to her body because of his psychological makeup as affected by cocaine addiction. The jury convicted defendant of second degree murder. On this appeal, he contends that the evidence was insufficient to prove that his grandmother's death was a homicide and that several trial errors were made. We disagree and affirm.

█ While the medical examiner could not determine from physical examination of the body that strangulation was the cause of death, the jury could nonetheless from all the evidence infer that fact. The expert evidence was that fracture of the hyoid bone and thyroid cartilage almost always resulted from strangulation. While post-mortem strangulation was a possibility, the jury could reasonably discount it as unlikely. The defendant's conduct after his grandmother's death makes it perfectly proper to infer criminal agency as the cause of death. An innocent person would not attempt to hide what he has no reason to hide. The effort to hide, therefore, evidences guilty knowledge from which the jury could infer the fact of guilt. Because one ought not be able to get away with murder simply because one can hide the victim, California courts have held that circumstantial evidence is sufficient to establish murder where decomposition of the body prevents medical evidence of a criminal cause of death, *People v. Towler*, 31 Cal.3d 105, 181 Cal.Rptr. 391, 641 P.2d 1253 (1982), or even where the body of the victim is never found. *People v. Scott*, 176 Cal.App.2d 458, 1 Cal.Rptr. 600 (1959). The indicia of strangulation coupled with the circumstantial evidence is sufficient in this case.

Defendant next complains about the failure to instruct on manslaughter and negligent homicide. There was no evidence to support giving these instructions and the defense expressly requested that no instructions on lesser offenses be given.

It is argued that a new trial should have been granted because Provo officers withheld a picture of the decedent which showed her as older and more infirm than a picture introduced at trial. The record does not support the contention that the picture was withheld.

█ Defendant contends that he was prejudiced by evidence that he misappropriated funds entrusted to him by his father. We see no abuse of discretion in admitting this evidence to show financial difficulties and thus motive for the murder. The risk of prejudice in this case was very slight where evidence of defendant forging checks on the victim's account after her death already had been admitted and where defendant admitted heavy cocaine use, costing thousands of dollars, as a means to explain his strange behavior after his grandmother's death.

█ Defendant's argument that impermissible hearsay was introduced is meritless. His grandmother's statement was introduced without objection. What he objects to is a statement offered as a prior inconsistent statement of the witness who testified to his grandmother's earlier statement. Having allowed that earlier statement into evidence without objection, he cannot prevent the trier from hearing all

evidence relevant to the content of that prior statement.

Defendant next complains of the revocation of his license to practice law under the provisions of A.R.S. § 13–603(G) apparently on the basis that the statute authorizing such revocation impermissibly invades the power of the Supreme Court to determine who shall practice law. Because Rule 57(b), Rules of the Supreme Court, 17A A.R.S. (Supp.1986), provides for automatic suspension of the license to practice and provides a mechanism to contest the appropriate discipline, we think this issue best raised in that context rather than on direct appeal from the conviction.

Defendant's final argument is that he should be given credit for time spent in Nevada and Utah jails while it was thought that the murder had occurred in Utah. Because that time was spent in custody on a Utah charge, no credit need be given. *State v. Horrisberger*, 133 Ariz. 569, 653 P.2d 26 (App.1982).

Affirmed.

ROLL and FERNANDEZ, JJ., concur.