**60**

834 P.2d 146

**In the Matter of a Member of the State Bar of Arizona, Herbert Alexander LaLONDE, Respondent.**

**No. SB–89–0056–D.
Disc. Comm. No. 85–1684.**

Supreme Court of Arizona.

July 14, 1992.

Harriet L. Turney, Bar Counsel, Phoenix, for respondent.

### JUDGMENT AND ORDER

On September 12, 1989, by Order of this Court, respondent HERBERT ALEXANDER LaLONDE, was disbarred for conduct in violation of his duties and obligations as a lawyer. Specifically, respondent was disbarred following his conviction of the murder of his grandmother. See, *State v. LaLonde,* 156 Ariz. 318, 751 P.2d 978 (App. 1988).

This matter, dealing with additional allegations of professional misconduct involving client affairs, came on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, which duly rendered its decision. No timely appeal has been taken therefrom, and the Court has declined *sua sponte* review.

IT IS ORDERED, ADJUDGED AND DECREED that HERBERT ALEXANDER LaLONDE is hereby disbarred, effective as of September 12, 1989, for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8) and 53(e)(3), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against HERBERT ALEXANDER LaLONDE for costs incurred by the State Bar of Arizona in the amount of $1,520.65, together with interest at the legal rate from the date of this judgment.

### EXHIBIT A

Before the Disciplinary Commission of the Supreme Court of Arizona

In the Matter of Herbert A. LaLonde, a Disbarred Member of the State Bar of Arizona, Respondent.

Comm. No. 5–1684
**DISCIPLINARY COMMISSION REPORT**

Filed May 4, 1992

This matter first came before the Disciplinary Commission of the Supreme Court of Arizona on September 10, 1988, under an agreement for discipline (suspension), that included this case and another which was based on Respondent's conviction of second degree murder.

The Commission concurred with the hearing committee's recommendation that that agreement be rejected.

Subsequent to the filing of the Disciplinary Commission Report, an agreement for disbarment by consent on the counts involving the felony conviction was submitted to the Court. That agreement was accepted, and the first agreement declared moot. By order entered September 12, 1989, Respondent was disbarred and the remaining charges were remanded to the Disciplinary Commission.

The Commission, on January 27, 1990, remanded the instant matter to the hearing committee for further action and proceed-

ings, and on April 11, 1992, oral argument having been waived by stipulation, the Commission considered the committee's report and recommendation that Respondent be disbarred retroactively from September 12, 1989.

## Decision

After review of the record on appeal, the Commission, by a unanimous vote of seven aye,[1] adopts the committee's recommendation that Respondent be disbarred retroactively from September 12, 1989, which is the date of the initial order of disbarment. The Commission also unanimously adopts the committee's findings of fact and conclusions of law.

## Facts

The complaint charges Respondent with mishandling sixteen cases, fourteen of which involve settling cases without the clients' permission or knowledge, and converting settlement funds totaling approximately $48,000. Respondent has since made complete restitution to all of his clients.

In the other two instances, civil suits were dismissed for lack of prosecution on Respondent's part. Neither case could be reinstated, as the statute of limitations had run for both.

Respondent's conduct violated ER 1.2(a); ER 1.3; ER 1.15(b); and ER 8.4(a), (b), (c), and (d).

Respondent is currently incarcerated with no possibility of release until May 6, 1996.

## Discussion of Decision

The Commission agrees with the committee's finding that Respondent's mishandling of the sixteen cases violated the following ethical rules:

1. ER 1.2(a) when he settled clients' cases without their permission or knowledge;

2. ER 1.15(b) when he failed to notify his clients that he had received settlement funds on their behalf, and failed to deliver the funds to his clients;

3. ER 8.4(a), (b), (c), and (d) when he converted his clients' money to his own use; and

4. ER 1.3 when he allowed two of his clients' cases to be dismissed for lack of prosecution.

In mitigation, Respondent relates that during the period he was handling all of the above cases, he suffered from a viral infection called cytomegalovirus (CMV). Respondent describes CMV as being similar to mononucleosis-hepatitis dysfunction. Symptoms include extreme fatigue, a weakening of the immune system, and kidney and liver problems. CMV does not result in mental dysfunction.

As a result of the CMV, Respondent became extremely depressed, and turned to cocaine for relief. He became addicted, and ultimately was spending $5,000 to $6,000 per week on cocaine during the period in which the subject misconduct took place. The misappropriated funds were used to pay for the cocaine.

In determining the appropriateness of a disciplinary sanction, the Commission finds it helpful to review the American Bar Association's *Standards for Imposing Lawyer Sanctions.* This is the guideline used by the Supreme Court. *In re Rivkind,* 164 Ariz. 154, [157], 791 Ariz. [P.2d] 1037, 1040 (1990).

In this instance, the Standards indicate disbarment is the appropriate sanction. Standard 4.11 provides for disbarment when a lawyer knowingly converts client property and causes injury or potential injury to a client. Standard 4.41 provides for disbarment when a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client. Standard 5.11 provides for disbarment when a lawyer engages in intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice. Standard 7.1

---

1. Commissioners Doyle and Hoffman did not participate in the proceedings.

provides for disbarment when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession with the intent to obtain a benefit for the lawyer, and causes serious or potentially serious injury to a client, the public, or the legal system.

Standard 9.22 lists factors which may justify an increase in the degree of discipline to be imposed. Five aggravating factors are present in the instant case. Respondent had a dishonest or selfish motive, he exhibited a pattern of misconduct, there were multiple (sixteen) offenses, and the victims were vulnerable in that they trusted him and were unaware of Respondent's misappropriation of their funds. Finally, Respondent was previously informally reprimanded for lack of diligence and neglect of a client's case.[2]

Respondent and the State Bar presented numerous factors which justify a decrease in the degree of discipline to be imposed, as listed in Standard 9.32. They noted that Respondent suffered from the viral infection CMV; has made full restitution; has maintained a cooperative attitude toward the disciplinary proceedings; has expressed remorse for his actions; was addicted to cocaine; and has voluntarily undergone treatment for his addiction while in prison.

The hearing committee and the Commission do not believe it is appropriate to consider Respondent's cocaine addiction in mitigation, however, and note that Respondent did not try to get help until after his arrest. Neither do they believe Respondent's CMV rose to the level of a physical or mental disability or impairment sufficient to warrant its consideration as a mitigating factor.

Respondent misappropriated funds from fourteen clients, none of whom knew about it until these proceedings against Respondent began. The Commission recognizes there are numerous mitigating factors present; however, these factors cannot outweigh the seriousness of his actions, and the numerous clients harmed as a result.

---

2. Although Respondent was previously disbarred, the conduct in the present matter occurred prior to the conduct leading to his dis-

Respondent explains that he misappropriated funds to support his cocaine habit, which was the only way he could cope with the CMV. Respondent now asserts that he no longer has a drug habit. Although the catalyst for the misconduct is not present at the moment, there is no cure for CMV; should it become active once again, there is nothing to indicate that Respondent would handle the situation any differently.

Considering the ABA-recommended sanctions, and the aggravating and mitigating factors involved, the Commission does not believe suspension would serve the purpose of disciplinary proceedings, which is "... to protect the public and deter similar conduct by other lawyers." *In re Rivkind*, 164 Ariz. 154, 791 P.2d 1037 (1990). The Court owes a duty to the public to protect the public against future defalcations or improper conduct. *In re Campbell*, 108 Ariz. 200, 495 P.2d 131 (1972). The Commission believes disbarment is the only sanction that will fulfill that duty.

DONE at Yuma, Arizona, on April 30, 1992.

/s/Larry W. Suciu
Larry W. Suciu
Chairman

barment; therefore, the Commission did not consider the disbarment as a prior disciplinary sanction for the purposes of aggravation.