**Electronically Filed
Supreme Court
SCAD-15-0000709
20-JAN-2016
09:13 AM**

SCAD-15-0000709

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

THOMAS D. COLLINS, III,
Respondent.

---

ORIGINAL PROCEEDING
(ODC 13-053-9123 and 14-046-9189)

<u>ORDER OF SUSPENSION</u>
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of the September 29, 2015 report and recommendation submitted by the Disciplinary Board of the Hawaiʻi Supreme Court, the exhibits appended thereto, the briefs submitted to this court, and the record in this matter, we make the following Findings of Fact and Conclusions of Law based upon clear and convincing evidence.

In ODC Case No. 13-053-9123, Respondent Collins violated Rule 1.4(a) of the Hawaiʻi Rules of Professional Conduct (HRPC) (1994) by failing to communicate an October 17, 2012 hearing date to his client, thereby causing her to miss the hearing, and HRPC Rule 1.3 twice, once by also failing to appear

at the October 17, 2012 hearing and again by failing to timely file a motion to set aside the court's resulting October 23, 2012 order dismissing his client's April 18, 2012 motion, a lack of diligence which resulted in the client's temporary loss of custody of her child. Respondent Collins violated HRPC Rule 8.4(c) by misrepresenting to the client he missed the hearing due to car trouble when he subsequently represented he missed the hearing due to a scheduling error. Finally, he violated HRPC Rule 1.15(f)(4) by informing the client's Nevada counsel, who had requested the client's file materials, that the client had not fully paid her attorney's fees to Collins, and thereafter failing to provide those files in a timely manner, despite several requests.

In ODC Case No. 14-046-9189, Respondent Collins violated HRPC Rule 1.1, for filing a petition for disestablishment of paternity in a Hawaiʻi court when he should have known that, insofar as both parents and the child in question all lived outside the state, the court would lack jurisdiction to resolve the paternity issue. Respondent Collins violated HRPC Rules 1.3 and 3.2 twice, once by failing for over a year to file the paternity petition, and again by failing to make the client's requested corrections to the petition. In addition, and most egregious, Respondent Collins violated HRPC Rules 3.3(a)(1) and 8.4(c) by falsely altering, endorsing, or forging the client's signature on the petition and falsely altering the date on it, thereby misrepresenting to the Family Court that the client declared its contents to be true and correct, under the

2

penalty of law.

In addition, we find, in aggravation, that Respondent Collins has substantial experience in the practice of law and two prior disciplines recent in time, one of which implicates a court order with which Collins is not in compliance, as well as multiple violations and a pattern of misconduct in the present matters. In mitigation, we find Collins has expressed remorse to at least one of the clients. We conclude, as did the Board, that the record lacks substantial evidence to support mitigating factors of timely restitution or good character. See Rapozo v. Better Hearing of Hawai'i, LLC, 119 Hawai'i 483, 491, 199 P.3d 72, 80 (2008); Disciplinary Bd. of Hawaii Supreme Court v. Kim, 59 Haw. 449, 454, 583 P.2d 333, 337 (Hawai'i 1978). In light of the foregoing, as well as relevant disciplinary precedent and ABA Standards for Imposing Lawyer Sanctions Standards 4.42(b) (a pattern of a lack of diligence), 4.6 (lack of candor), 5.12 (failure to maintain personal integrity), and 6.12 (false statements, fraud, and misrepresentation), a period of suspension is warranted. Therefore,

IT IS HEREBY ORDERED that Respondent Collins is suspended from the practice of law for one year and one day, effective 30 days after the entry date of this order. Respondent Collins shall be eligible for reinstatement upon application pursuant to Rule 2.17(b)(3) et seq. of the Rules of the Supreme Court of the State of Hawai'i (RSCH). Respondent Collins is reminded that he may not resume the practice of law until reinstated by order of this court.

IT IS FURTHER ORDERED that Respondent Collins shall submit an affidavit demonstrating compliance with RSCH Rule 2.16(d) within 10 days after the effective date of his suspension.

IT IS FURTHER ORDERED that Respondent Collins shall complete, at his own expense, an audit of his practice by the Practicing Attorney Liability Management Society (PALMS) or an equivalent program, and shall submit to this court proof of compliance with its recommendations within 365 days of the date of this order. Respondent Collins is hereby notified that failure to timely complete the audit and submit proof of compliance to this court, or to seek an extension based upon demonstration of good cause, may result in an additional period of suspension, upon a review of the record.

IT IS FURTHER ORDERED that Respondent Collins shall pay all costs of the proceedings, as approved upon a timely submission of a bill of costs, as authorized by RSCH Rule 2.3(c).

DATED: Honolulu, Hawaiʻi, January 20, 2016.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

