**Electronically Filed
Supreme Court
SCAD-12-0000950
15-FEB-2013
09:23 AM**

SCAD-12-0000950

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

CHRIS P. BERTELMANN, Respondent.

---

ORIGINAL PROCEEDING
(ODC 11-036-8960)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Upon consideration of the Report and Recommendation of the Disciplinary Board of the Supreme Court of the State of Hawai'i, the stipulated facts, and the evidence in the record, it appears that Respondent Chris P. Bertelmann neglected a client matter, failed to respond to reasonable requests for information regarding the status of the representation, misappropriated $1,000.00 in client funds advanced for costs, and $5,208.53 in client funds advanced for attorney's fees, by converting the funds to cash immediately upon receipt rather than deposit them in Respondent Bertelmann's client trust account, improperly withdrew from the representation without notice to the client and without returning the client's file, causing injury to the client, and, initially, failed to respond to lawful inquiries

from the Office of Disciplinary Counsel (ODC) regarding the matter, thereby violating Rules 1.3, 1.4(a), 1.15(c), 1.15(d), 1.16(d), 8.1(b) and 8.4(d) of the Hawai‘i Rules of Professional Conduct (HRPC). Absent mitigating circumstances such conduct warrants disbarment. *See, e.g., ODC v. Cusmano*, No. 22770 (January 5, 2000). In aggravation, this court finds Respondent Bertelmann has substantial experience in the practice of law, and committed multiple ethical violations. In mitigation, we note his clean disciplinary record, his sincere expressions of remorse, his eventual full cooperation with ODC in the investigation and disciplinary proceedings, and his strong reputation in the community for public service and representation of indigent clients. We particularly note, in mitigation, that Bertelmann suffered from a serious medical condition during the period of time in question which, though not excusing his conduct, mitigates against stronger discipline. *See ODC v. Kagawa*, 63 Haw. 150, 158, 622 P.2d 115, 120 (1981) (citing *Disciplinary Bd. v. Bergan*, 60 Haw. 546, 592 P.2d 814 (1979)). We further note Bertelmann sought and received treatment and has demonstrated that his rehabilitation is meaningful and sustained and that the recurrence of the misconduct is unlikely. Therefore, it appearing that suspension is appropriate,

IT IS HEREBY ORDERED that Respondent Bertelmann is suspended from the practice of law in this jurisdiction for a period of one year and one day, effective 30 days after the date of entry of this order, as provided by Rules 2.3(a)(2) and

2

2.16(c) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH).

IT IS FURTHER ORDERED that, if such restitution has not yet been paid, Respondent Bertelmann shall pay $6,208.53 in restitution to his client within 90 days after the date of entry of this order. Respondent Bertelmann shall submit proof of payment of that restitution to this court within 10 days following such payment or within 10 days after the entry date of this order, whichever occurs later.

IT IS FURTHER ORDERED that, in addition to any other requirements for reinstatement imposed by the Rules of the Supreme Court of the State of Hawaiʻi, Respondent Bertelmann shall pay all costs of these proceedings as approved upon the timely submission of a bill of costs, as prescribed by RSCH Rule 2.3(c) but that payment of restitution shall take precedence.

IT IS FURTHER ORDERED that Respondent Bertelmann shall, within ten days after the effective date of his suspension, file with this court an affidavit in full compliance with RSCH Rule 2.16(d).

DATED: Honolulu, Hawaiʻi, February 15, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack



3